STATE, EX REL. ROLEY W. ARTERBURN ET AL., APPELLEES, V. THOMAS CRUISE ET AL.,, APPELLANTS.

FILED NOVEMBER 16, 1923. No. 22579.

1. Schools and School Districts: CHANGE OF SCHOOLHOUSE SITE: NOTICE. The qualified electors of a school district have no power to change a schoolhouse site at any annual or special meeting of the electors of such district, unless notice shall have been given that such subject will be considered. Comp. St. 1922, sec. 6270.

2. ———: SCHOOLHOUSES: LOCATION OF SITE BY COUNTY SUPERINTENDENT. Section 6276, Comp. St. 1922, authorizes the county superintendent to determine the location of school site only when no site can be selected by the electors of the district.

3. ——: ——: ——. Under the circumstances presented by the record, the county superintendent had no power to determine the location of the schoolhouse site.

APPEAL from the district court for Chase county: CHARLES E. ELDRED, Judge. *Affirmed.*

*Charles W. Meeker,* for appellants.

*Edmund D. Shipley* and *Scott & Scott, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., REDICK, District Judge.

DAY, J.

This is an action in mandamus by relators, who are resident taxpayers and electors of school district No. 8 in Chase county, against respondents, who are officers of the school district, to compel the respondents to move the district schoolhouse from its location in section 17 to its former location in section 18; to restore it to its condition before it was moved from its first location; and to cause the district school to be held and taught therein when removed and restored. The court found in favor of the relators, and entered judgment accordingly. The respondents have appealed.

The record shows that for more than 20 years prior to the commencement of this action a schoolhouse has been maintained in school district No. 8 upon a site near the northwest corner of the northeast quarter of section 18, township 6, range 40. The regular district school during all this period was maintained on this site, except for a short period when the schoolhouse was being rebuilt, the first building having been destroyed by fire. On September 14, 1921, the respondents removed the schoolhouse to a point near the northwest corner of the southwest quarter of section 17, in the same township and range as the former site. The new location was about half a mile east and half a mile south of the former location. The respondents seek to justify their action in removing the schoolhouse, because they claim the school district electors at their annual meet-

ing held in June, 1921, and also at an adjourned meeting of the annual meeting, held June, 20, 1921, authorized that it be done. The records of the annual meeting are not very clear, but it does appear that a vote was in favor of a new site. The relators contend that this action of the electors is of no validity, because the notice of the annual meeting did not include a statement that the question of changing the schoolhouse site in the district would be considered. The record shows that the notice of the annual meeting did not include the question of changing the schoolhouse site. Section 6270, Comp. St. 1922, contains provisions for the giving of notice of annual or special meetings of the electors of the school district, in which the day, hour, and place of meeting is required to be stated, and contains the further provision: "No schoolhouse site shall be changed nor taxes voted for building, purchase or lease of a schoolhouse at any district meeting unless notices shall have been given of such meeting, as above provided, including therein the fact that such subjects will then be considered."

It seems clear that the school district electors had no power under the notice given to take any binding action changing the schoolhouse site.

It is further urged by the respondents that their action was justified, because the county superintendent authorized it to be done. It appears that the county superintendent on petition of a number of the electors selected a site in section 17. Under the circumstances presented in this record, the county superintendent had no authority to change the schoolhouse site. Section 6276, Comp. St. 1922, provides that, when no site can be established by the inhabitants, the county superintendent shall determine where such site shall be. A situation had not arisen which called for the exercise of the authority of the superintendent under this section of the statute. Upon the trial it was sought to be shown that the school district had no title to the site in section 18. Be this as it may, the site in section 18 was the only site the school district had. It had used and oc-

cupied the site for about 24 years. Whether title by adverse possession had been obtained could not be determined in a mandamus action.

Upon the argument it was stated that the judgment of the district court had been fully executed, and it may be that we have before us merely a moot question.

We are satisfied that the record sustains the judgment of the district court, and it is, therefore,

AFFIRMED.